IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-507-1FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LAMONT DEVIRES RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's sealed motions[1] for compassionate release, appointment of counsel, and to modify sentence for halfway house placement, (DE 51, 53). The government did not respond to the motions.

On November 8, 2019, the court sentenced defendant to 37 months' imprisonment following his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On March 18, 2020, defendant filed the instant motion to modify sentence, which requests that the court recommend defendant for placement in a residential reentry center ("RRC") for the final 12 months of his sentence. Defendant seeks RRC placement in order to facilitate his transition into the community, return to his prior employment position, and assist with childcare responsibilities.

The court declines to issue post-judgment recommendation for RRC placement under the circumstances of this case.[2] The court did not recommend community confinement at sentencing

---

[1] The motions were filed under sealed where they contain identifying information about a minor. See Fed. R. Crim. P. 49.1.

[2] The court has authority to issue such recommendation pursuant to 18 U.S.C. § 3621(b)(4). United States v. Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases).

despite consideration of all relevant pre-sentencing conduct. And the Federal Bureau of Prisons ("BOP") is better positioned to evaluate whether defendant's post-sentencing conduct and current family circumstances justify placement in community confinement. The court takes no position on whether the BOP should place defendant in community confinement, and this order should not be construed as suggesting the court is opposed to RRC placement.

Defendant also moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel to assist with obtaining compassionate release. Having considered the issues raised, the court will direct the government to respond before resolving these motions.

Based on the foregoing, the court DENIES defendant's motion to modify sentence, (DE 51), and DIRECTS the government to respondent to defendant's motion for compassionate release, (DE 53), within **14 days** of entry of this order.

SO ORDERED, this the 9th day of April, 2020.

LOUISE W. FLANAGAN
United States District Judge