IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-507-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LAMONT DEVIRES RICHARDSON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's sealed motion[1] for compassionate release and appointment of counsel, (DE 53). The government responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On November 8, 2019, the court sentenced defendant to 37 months' imprisonment following his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On March 30, 2020, defendant filed the instant motion for appointment of counsel and compassionate release. Defendant seeks compassionate release because his mother allegedly cannot provide care for his minor child due to her current medical conditions. Defendant suggests that the child may be placed in state foster care if he is not released. Defendant also notes he has served the majority of his custodial sentence, demonstrated rehabilitation through his participation in a religious fellowship, and that he has secured post-release employment. In support, defendant relies upon the child's birth records, defendant's personal declaration, state court orders placing

---

[1] The motions were filed under sealed where they contain identifying information about a minor. See Fed. R. Crim. P. 49.1.

the child in defendant's mother's care, defendant's mother's medical records, and correspondence from defendant's former employer and a Federal Bureau of Prisons chaplain.

The government opposes compassionate release, arguing defendant has not demonstrated extraordinary and compelling reasons for reducing his sentence. Alternatively, the government contends the nature and circumstances of defendant's offense, along with his criminal history, do not justify reducing defendant's sentence.

## DISCUSSION

The court begins with defendant's motion for appointment of counsel. There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A(a)(2)(B). (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Here, defendant requests appointment of counsel to assist him in moving for compassionate release. As reflected in the instant motion, defendant is capable of requesting compassionate release without the assistance of counsel. Defendant also has not established that the interests of justice require appointment of counsel in these circumstances. Accordingly, the court denies the motion to the extent defendant seeks appointment of counsel.

The court now turns to defendant's request for compassionate release. With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c).

One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] See First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

The statute does not define "extraordinary and compelling reasons" and the United States Court of Appeals for the Fourth Circuit has not previously interpreted this phrase. The court therefore interprets the terms "as taking their ordinary, contemporary, common meaning." Perrin v. United States, 444 U.S. 37, 42 (1979); Johnson v. Zimmer, 686 F.3d 224, 232 (4th Cir. 2012). Black's Law Dictionary defines "extraordinary" in relevant part as "beyond what is usual, customary, regular, or common." Extraordinary, Black's Law Dictionary (11th ed. 2019). Black's does not define "compelling" but "compelling need" is defined as a need "so great that irreparable harm or injustice would result if it is not met." Compelling Need, Black's Law

---

[2] The government does not contest that defendant exhausted administrative remedies prior to filing the instant motion. (See also DE 53-1 (defendant's February 21, 2020, email correspondence to the warden requesting compassionate release)).

[3] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

Dictionary (11th ed. 2019); see also United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019) (interpreting "extraordinary and compelling reasons" by reference to Black's Law Dictionary's definitions of "extraordinary" and "compelling need"); United States v. Adams, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019) (same). Webster's Dictionary defines compelling as "forcing, impelling, [or] driving [circumstances]" and "tending to convince or convert by or as if by forcefulness of evidence." Compelling, Webster's Third New International Dictionary (Unabridged) 463 (2002 ed.).

The reduction also must be consistent with applicable policy statements issued by the Sentencing Commission. Prior to enactment of the First Step Act, the Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement governing motions for compassionate release.[4] As relevant here, the commentary to the policy statement provides that extraordinary and compelling reasons exist in the event of "the death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, application note 1(C)(i).

The court finds defendant has not established extraordinary or compelling reasons for a sentence reduction. Although defendant alleges his mother can no longer care for his daughter due to her medical issues, there is no evidence submitted directly from defendant's mother or other records[5] supporting these assertions. Defendant also fails to explain why he is the only available caregiver for the child in these circumstances. The court declines to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver. See

---

[4] Some courts have held that U.S.S.G. § 1B1.13 is not binding on the sentencing court where it was promulgated prior to the First Step Act's amendments to § 3582(c)(1)(A). See, e.g., Beck, 425 F. Supp. 3d at 579. In light of the court's findings set forth below, it is not necessary to resolve whether the policy statement is binding or instead provides "helpful guidance" in resolving defendant's motion. See id.

[5] The medical records submitted by defendant confirm defendant's mother suffers from certain medical issues, but they do not establish she is unable to care for the child.

id.; see also United States v. Bucci, 409 F. Supp. 3d 1, 2-3 (D. Mass. 2019) (granting motion for compassionate release after defendant established he was the only available caregiver for his mother); Adams, 2019 WL 3751745, at *4 (denying motion for compassionate release where defendant failed to include evidentiary support for his claims that he suffered from serious health issues).

Moreover, in support of the instant motion, defendant submitted a custody order from a North Carolina state court that specifically prohibits defendant and the child's mother from removing the child from defendant's mother's care. (See DE 53-7 at 2). Although the order states that it is "temporary" pending a custody hearing scheduled for February 25, 2019, defendant provides no further evidence regarding the status of the custody proceedings. If defendant is prohibited by law from assuming legal custody of his daughter, the court declines to grant compassionate release based on incapacitation of his child's caregiver. Alternatively, if the temporary custody order was dissolved after the hearing, defendant fails to explain why the child's mother is not an available caregiver.

## CONCLUSION

Based upon the foregoing, the court DENIES defendant's motion for appointment of counsel and compassionate release, (DE 53).

SO ORDERED, this the 6th day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge